FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 12 2020 ★

BROOKLYN OFFICE

SD:EMR/JPL
F. #2018R00178 / OCDETF #NY-NYE-846

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

WALTER FERNANDO ALFARO PINEDA,
    also known as "Clever,"
YANKI MISAEL CRUZ-MATEO,
    also known as "Yenki Misael Cruz
    Mateo," "Yankee Mateo," "Doggy" and
    "Wino,"
ISRAEL MENDIOLA FLORES,
    also known as "Chapito" and "Sinaloa,"
SERGIO GERARDO HERRERA-HIDALGO,
    also known as "Gerardo Herrera" and
    "Street Boy,"
YONI ALEXANDER SIERRA,
    also known as "Arca," "Arc Angel" and
    "Wasson,"
JOSE JIMENEZ CHACON,
    also known as "Little One,"
SAUDI LEVY RAMIREZ,
    also known as "El Malo,"
CAROLINA CRUZ,
    also known as "La Fiera,"
JOSE DOUGLAS CASTELLANO,
    also known as "Chino,"
JUNIOR ZELAYA-CANALES,
    also known as "Terco,"
JONATHAN ZELAYA-DIAZ,
    also known as "Scooby," and
ERIC CHAVEZ,
    also known as "Lunatico,"

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 18-139 (S-5) (LDH)
(T. 18, U.S.C., §§ 922(g)(5)(A),
924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(j)(1), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1962(d), 1963,
1963(a), 1963(m), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

United States Courts
Southern District of Texas
FILED

October 16, 2020

David J. Bradley, Clerk of Court

**4:20mj1993**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1.     The 18th Street gang ("18th Street" or the "enterprise") was a violent street gang with members located throughout Queens, New York, and elsewhere, divided into local chapters or "canchas."   Members and associates of 18th Street engaged in murder, attempted murder, assault, narcotics trafficking, identification document fraud and extortion, as well as other crimes.

2.     The 18th Street gang, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     The 18th Street gang, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder that are chargeable under New York Penal Law and punishable by imprisonment for more than one year, and offenses involving narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846

and identification document fraud, punishable under Title 18, United States Code, Section 1028.

Purposes of the Enterprise

4.    The purposes of the enterprise included the following:

(a)    Enriching the members and associates of the enterprise through criminal activity, including narcotics trafficking, identification document fraud and extortion;

(b)    Promoting and enhancing the prestige, reputation and position of the enterprise through the use of intimidation, threats of violence and acts of violence, including murder, attempted murder and assault;

(c)    Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including murder, attempted murder and assault;

(d)    Keeping victims and rivals in fear of the enterprise and its members and associates; and

(e)    Concealing the activities of the enterprise from law enforcement.

Means and Methods of the Enterprise

5.    Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

(a)    Members and associates of the enterprise used, attempted to use and conspired to use drug trafficking, identification document fraud and extortion as means of obtaining money;

(b)     Members and associates of the enterprise committed, attempted to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations; and

(c)     Members and associates of the enterprise used and threatened to use physical violence against various individuals, including witnesses, victims and informants, and members of rival criminal organizations.

<u>The Defendants</u>

6.     At all times relevant to this Superseding Indictment, the defendant WALTER FERNANDO ALFARO PINEDA, also known as "Clever," was a leader of the 18th Street gang, and YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," ISRAEL MENDIOLA FLORES, also known as "Chapito" and "Sinaloa," SERGIO GERARDO HERRERA-HIDALGO, also known as "Gerardo Herrera" and "Street Boy," YONI ALEXANDER SIERRA, also known as "Arca," "Arc Angel" and "Wasson," JOSE JIMENEZ CHACON, also known as "Little One," SAUDI LEVY RAMIREZ, also known as "El Malo," CAROLINA CRUZ, also known as "La Fiera," JOSE DOUGLAS CASTELLANO, also known as "Chino," JUNIOR ZELAYA-CANALES, also known as "Terco," JONATHAN ZELAYA-DIAZ, also known as "Scooby," ERIC CHAVEZ, also known as "Lunatico," were members and associates of the enterprise.

COUNT ONE
(Racketeering Conspiracy)

7.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.     In or about and between 2016 and February 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WALTER FERNANDO ALFARO PINEDA, also known as "Clever," YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," SERGIO GERARDO HERRERA-HIDALGO, also known as "Gerardo Herrera" and "Street Boy," SAUDI LEVY RAMIREZ, also known as "El Malo," JOSE DOUGLAS CASTELLANO, also known as "Chino," JUNIOR ZELAYA-CANALES, also known as "Terco," JONATHAN ZELAYA-DIAZ, also known as "Scooby," and ERIC CHAVEZ, also known as "Lunatico," together with others, being persons employed by and associated with 18th Street, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

9.     The pattern of racketeering activity through which the defendants WALTER FERNANDO ALFARO PINEDA, YANKI MISAEL CRUZ-MATEO, SERGIO GERARDO HERRERA-HIDALGO, SAUDI LEVY RAMIREZ, JOSE DOUGLAS CASTELLANO, JUNIOR ZELAYA-CANALES, JONATHAN ZELAYA-DIAZ and ERIC

CHAVEZ, together with others, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted of multiple acts indictable under: Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); multiple acts involving murder, in violation of New York State Penal Law Sections 125.25, 110.00 and 105.15; extortion in violation of New York State Penal Law Sections 155.40(2), 110.00 and 150.10; and multiple offenses involving narcotics trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

### Notice of Enhanced Sentencing Concerning Count One

10. On or about September 12, 2016, within the Eastern District of New York and elsewhere, the defendant JUNIOR ZELAYA-CANALES, together with others, with intent to cause the death of Josue Guzman, did cause his death, contrary to New York Penal Law Sections 125.25(1) and 20.00.

11. On or about October 25, 2017, within the Eastern District of New York and elsewhere, the defendants WALTER FERNANDO ALFARO PINEDA, YANKI MISAEL CRUZ-MATEO, SERGIO GERARDO HERRERA-HIDALGO and JOSE DOUGLAS CASTELLANO, together with others, with intent to cause the death of Jonathan Figueroa, did cause his death, contrary to New York Penal Law Sections 125.25(1) and 20.00.

12. On or about February 2, 2018, within the Eastern District of New York and elsewhere, the defendants YANKI MISAEL CRUZ-MATEO and SAUDI LEVY RAMIREZ, together with others, with intent to cause the death of Oscar Antonio Blanco-

Hernandez, did cause his death, contrary to New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 <u>et seq.</u>)

## COUNT TWO
(Conspiracy to Commit Murder in Aid of Racketeering: Josue Guzman)

13.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

14.     In or about September 2016, within the Eastern District of New York and elsewhere, the defendant JUNIOR ZELAYA-CANALES, also known as "Terco," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Josue Guzman, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 <u>et seq.</u>)

## COUNT THREE
(Murder in Aid of Racketeering: Josue Guzman)

15.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

16.     On or about September 12, 2016, within the Eastern District of New York, the defendant JUNIOR ZELAYA-CANALES, also known as "Terco," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Josue Guzman, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Commit Murder in Aid of Racketeering: Rival Gang Members)

17.    The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

18.    In or about July 2017, within the Eastern District of New York and elsewhere, the defendants JUNIOR ZELAYA-CANALES, also known as "Terco," and JONATHAN ZELAYA-DIAZ, also known as "Scooby," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FIVE
(Attempted Murder in Aid of Racketeering: Rival Gang Members)

19.    The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

20.    On or about July 9, 2017, within the Eastern District of New York, the defendants JUNIOR ZELAYA-CANALES, also known as "Terco," and JONATHAN ZELAYA-DIAZ, also known as "Scooby," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise

engaged in racketeering activity, did knowingly and intentionally attempt to murder rival

gang members, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT SIX
(Unlawful Use and Possession of a Firearm During a Crime of Violence:
Attempted Murder of Rival Gang Members)

21.     The allegations set forth in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

22.     On or about July 9, 2017, within the Eastern District of New York, the

defendant JUNIOR ZELAYA-CANALES, also known as "Terco," together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to a

crime of violence, to wit: the crime charged in Count Five, and did knowingly and

intentionally possess one or more firearms in furtherance of such crime of violence, one or

more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVEN
(Attempted Murder in Aid of Racketeering: John Doe)

23.     The allegations set forth in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

24.     On or about September 20, 2017, within the Eastern District of New

York, the defendant ERIC CHAVEZ, also known as "Lunatico," together with others, for the

purpose of gaining entrance to and maintaining and increasing position in the 18th Street

gang, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt

to murder John Doe, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT EIGHT
(Assault in Aid of Racketeering: John Doe)

25.    The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

26.    On or about September 20, 2017, within the Eastern District of New York, the defendant ERIC CHAVEZ, also known as "Lunatico," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.10 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT NINE
(Unlawful Use and Possession of a Firearm During Crimes of Violence:
Attempted Murder and Assault of John Doe)

27.    The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

28.    On or about September 20, 2017, within the Eastern District of New York, the defendant ERIC CHAVEZ, also known as "Lunatico," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did

knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Commit Murder in Aid of Racketeering: Jonathan Figueroa)

23.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

24.     In or about October 2017, within the Eastern District of New York and elsewhere, the defendants WALTER FERNDANDO ALFARO PINEDA, also known as "Clever," YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," ISRAEL MENDIOLA FLORES, also known as "Chapito" and "Sinaloa," SERGIO GERARDO HERRERA-HIDALGO, also known as "Gerardo Herrera" and "Street Boy," and JOSE DOUGLAS CASTELLANO, also known as "Chino," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jonathan Figueroa, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT ELEVEN
(Murder in Aid of Racketeering: Jonathan Figueroa)

25.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

26.     On or about October 25, 2017, within the Eastern District of New York and elsewhere, the defendants WALTER FERNDANDO ALFARO PINEDA, also known as "Clever," YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," ISRAEL MENDIOLA FLORES, also known as "Chapito" and "Sinaloa," SERGIO GERARDO HERRERA-HIDALGO, also known as "Gerardo Herrera" and "Street Boy," and JOSE DOUGLAS CASTELLANO, also known as "Chino," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jonathan Figueroa, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT TWELVE
(Conspiracy to Commit Murder in Aid of Racketeering: Oscar Antonio Blanco-Hernandez)

27.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

28.     In or about February 2018, within the Eastern District of New York and elsewhere, the defendants YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," YONI ALEXANDER SIERRA, also known as "Arca," "Arc Angel" and "Wasson," JOSE JIMENEZ CHACON, also known as "Little One," SAUDI LEVY RAMIREZ, also known as "El Malo," and CAROLINA CRUZ, also known as "La Fiera," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in

racketeering activity, did knowingly and intentionally conspire to murder Oscar Antonio Blanco-Hernandez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT THIRTEEN
(Murder in Aid of Racketeering: Oscar Antonio Blanco-Hernandez)

29.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

30.     On or about February 2, 2018, within the Eastern District of New York, the defendant YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," YONI ALEXANDER SIERRA, also known as "Arca," "Arc Angel" and "Wasson," JOSE JIMENEZ CHACON, also known as "Little One," SAUDI LEVY RAMIREZ, also known as "El Malo," and CAROLINA CRUZ, also known as "La Fiera," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the 18th Street gang, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Oscar Antonio Blanco-Hernandez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FOURTEEN
(Unlawful Use and Possession of a Firearm During a Crime of Violence:
Murder of Oscar Antonio Blanco-Hernandez)

31.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

32.     On or about February 2, 2018, within the Eastern District of New York, the defendant YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz

Mateo," "Yankee Mateo," "Doggy" and "Wino," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Thirteen, and did knowingly and intentionally possess one or more firearms in furtherance of such crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FIFTEEN
### (Causing the Death of Oscar Antonio Blanco-Hernandez Through the Use of a Firearm)

33.     The allegations set forth in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

34.     On or about February 2, 2018, within the Eastern District of New York, the defendant YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo," "Yankee Mateo," "Doggy" and "Wino," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fourteen, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill, and cause the killing of, Oscar Antonio Blanco-Hernandez.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT SIXTEEN
(Alien in Possession of a Firearm)

35.     In or about and between October 2017 and February 2018, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant YANKI MISAEL CRUZ-MATEO, also known as "Yenki Misael Cruz Mateo,"

"Yankee Mateo," "Doggy" and "Wino," then knowingly being an alien who was illegally

and unlawfully in the United States, did knowingly and intentionally possess in and affecting

interstate and foreign commerce a firearm, to wit: a .380 caliber semiautomatic pistol, and

ammunition.

(Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(2) and 3551

et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

36.     The United States hereby gives notice to the defendants charged in

Count One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence over any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section

1962, including but not limited to: one .380 caliber semiautomatic pistol and ammunition.

37. If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATIONS
## AS TO COUNTS TWO THROUGH NINE, TWELVE THROUGH SIXTEEN

38. The United States hereby gives notice to the defendants charged in Counts Two through Nine and Counts Twelve through Sixteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violations of Title 18, United States Code, Sections 922 or 924, or in any violation of any other criminal law of the United States, including but not limited to: one .380 caliber semiautomatic pistol and ammunition.

39.     If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2018R00178
FORM DBD-34
JUN. 85

No.   18-CR-139 (S-5) (LDH)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### ALFARO PINEDA, CRUZ-MATEO ET AL.,

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(5)(A), 924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 924(j)(1), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1962(d), 1963, 1963(a), 1963(m), 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                 *Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* _____

_____
                                                                      *Clerk*

*Bail, $* _____

**Soumya Dayananda, Jonathan P. Lax Assistant U.S. Attorneys (718) 254-7996/6139**

**Query**   **Reports**   **Utilities**   **Help**   **What's New**   **Log Out**

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:18-cr-00139-LDH-13

Case title: USA v.Cruz-Mateo et al                   Date Filed: 03/22/2018

---

Assigned to: Judge LaShann DeArcy
Hall

**Defendant (13)**

**Walter Fernando Alfaro Pineda**

| **Pending Counts** | **Disposition** |
| --- | --- |
| Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq. - Racketeering Conspiracy (1) | |
| Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq. - Conspiracy to Commit Murder in Aid of Racketeering: Jonathan Figueroa (10) | |
| Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq. - Murder in Aid of Racketeering: Jonathan Figueroa (11) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**USA**                          represented by  **Jonathan Powell Lax**
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6139
Fax: 718-254-7499
Email: jonathan.lax@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Erin Reid**
DOJ-USAO
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
720-318-8337
Email: erin.reid@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Penelope J. Brady**
United States Attorney's Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7150
Fax: 718-254-6481
Email: penelope.brady@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Soumya Dayananda**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7996
Fax: 718-254-7817
Email: soumya.dayananda@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2020 | 214 | SEALED SUPERSEDING INDICTMENT (S-5) as to Yanki Misael Cruz-Mateo (1) count(s) 1sssss, 10sssss, 11sssss, 12sssss, 13sssss, 14sssss, 15sssss, 16sssss, Israel Mendiola Flores (2) count(s) 10sssss, 11sssss, Sergio Gerardo Herrera-Hidalgo (3) count(s) 1sssss, 10sssss, 11sssss, Yoni Alexander Sierra |

| | | |
|---|---|---|
| | | (5) count(s) 12ssss, 13ssss, Jose Jimenez Chacon (6) count(s) 12ssss, 13ssss, Saudi Levy Ramirez (7) count(s) 1ssss, 12ssss, 13ssss, Carolina Cruz (8) count(s) 12sss, 13sss, Jose Douglas Castellano (9) count(s) 1ss, 10ss, 11ss, Junior Zelaya-Canales (10) count(s) 1s, 2s, 3s, 4s, 5s, 6s, Jonathan Zelaya-Diaz (11) count(s) 1s, 4s, 5s, Eric Chavez (12) count(s) 1s, 7s, 8s, 9s, Walter Fernando Alfaro Pineda (13) count(s) 1, 10, 11. (Attachments: # 1 Sealing Cover Sheet) (Marziliano, August) (Entered: 03/16/2020) |
| 10/01/2020 | | ORDER: The Court is in receipt of the parties' joint status report 255 requesting that this matter, including arraignment on the fifth superseding indictment, be adjourned approximately 60 days, and that the intervening time be excluded. The parties' joint request is granted. By December 1, 2020, the parties are directed to provide a joint written status report, not to exceed three (3) pages, indicating the status of the case. For the reasons set forth by the Government in the parties' joint submission, time is excluded, in the interests of justice, until December 1, 2020. Ordered by Judge LaShann DeArcy Hall on 10/1/2020. (Williams, Erica) (Entered: 10/01/2020) |
| 10/15/2020 | 257 | Order to Unseal Indictment as to Yanki Misael Cruz-Mateo, Sergio Gerardo Herrera-Hidalgo, Israel Mendiola Flores, Yoni Alexander Sierra, Jose Jimenez Chacon, Saudi Levy Ramirez, Carolina Cruz, Jose Douglas Castellano, Junior Zelaya-Canales, Jonathan Zelaya-Diaz, Eric Chavez, Walter Fernando Alfaro Pineda.. Ordered by Magistrate Judge Robert M. Levy on 10/15/2020. (Attachments: # 1 Application) (Marziliano, August) (Entered: 10/15/2020) |
| 10/15/2020 | 258 | Letter *submitted in anticipation of defendant's removal to this District* as to Walter Fernando Alfaro Pineda (Lax, Jonathan) (Entered: 10/15/2020) |